# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DARNELL BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:15CV87 SNLJ |
| PERRY COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, brings this action under 42 U.S.C. § 1983 for excessive force during an arrest. Under 28 U.S.C. § 1915(e), the Court is required to dismiss this action if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. After reviewing the complaint, the Court finds that the amended complaint states a plausible cause of action under the Fourth Amendment.

Plaintiff sues Sgt. Jason Kelly, Dep. Matthew Schamberg, and T.F.O. Michael Alford, all of whom are alleged to work for the Perry County Sheriff's Department. Plaintiff says that during a legal search of his home for illegal drugs, defendants punched him, kicked him, wedged a flashlight into his mouth, and twice used a Taser on him while he was lying prone on his bed attempting to comply with their commands. Defendants accused him of swallowing a bag of heroin, which plaintiff says was pretext for the assault. Plaintiff has submitted his X-ray and CT scan report, taken about ten hours after the arrest, which show that no foreign bodies were found in his abdomen.

An excessive force claim "is analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Kuha v. City of Minnetonka*, 328 F.3d 427, 434 (8th Cir.2003) (citing

*Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed.2d 443 (1989)). This test "is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559, 99 S. Ct. 1861, 60 L. Ed.2d 447 (1979). "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable.'" *Graham*, 490 U.S. at 397. "[I]ts proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396, 109 S. Ct. 1865 (citation omitted). In sum, "the nature and quality of the intrusion on the individual's Fourth Amendment interests [must be balanced] against the importance of the governmental interests alleged to justify the intrusion." *United States v. Place*, 462 U.S. 696, 703, 103 S. Ct. 2637, 77 L. Ed.2d 110 (1983).

Plaintiff's non-conclusory allegations state a claim under the Fourth Amendment for excessive force. According to his allegations, he did not pose a risk to the safety of the officers or others. He says he was not resisting their commands. And he alleges that the beating was quite severe. As a result, the Court will order the Clerk to issue process on defendants Kelly, Schamburg, and Alford.

Plaintiff did not reallege any claims against the Perry County Sheriff's Department in his amended complaint. Therefore, the Department should be dismissed. Additionally, any claims against the Department are frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that that the Perry County Sheriff's Department is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to issue process on defendants Jason Kelly, Matthew Schamburg, and Michael Alford.

An Order of Partial Dismissal will be filed separately.

Dated this 27th day of July, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE