**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

DARNELL BROWNLEE,                           )
                                            )
            Plaintiff,                      )
                                            )
        v.                                  )          No. 1:15CV87 SNLJ
                                            )
PERRY COUNTY SHERIFF'S                      )
DEPARTMENT, et al.,                         )
                                            )
            Defendants,                     )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's proposed second amended complaint, which the Court construes as a motion for leave to file an amended complaint.

The second amended complaint appears to state a claim for relief against the defendants in their individual capacities. It does not, however, state a claim against defendants in their official capacities.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, plaintiff's official capacity claims are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint [ECF No. 11] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims are **DISMISSED**.

Dated this 6<u>th</u> day of August, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE